HERBERT A. RICE, Atty. Gen., *ex rel. vs.* WILLIAM A. CLARKE.

MAY 26, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Elections. Ballots.*

Under Gen. Laws, 1909, cap. 11, § 43, it is not necessary that the voter make a (X) in the square after the name which he has written, as the intention of the voter is clearly expressed by writing the name of the person for whom he desires to vote.

Information in the nature of *quo warranto.* Judgment of ouster entered.

RATHBUN, J. This is an information in the nature of *quo warranto* brought by Herbert A. Rice, Attorney General of the State of Rhode Island, at the relation of Ralph G. P. Hull, a duly qualified elector of the town of Jamestown, asking this court to inquire as to the right of the respondent William A. Clarke to hold the office of town treasurer of said town of Jamestown and to exercise the duties thereof for the year 1921–1922.

The information sets forth that the annual town meeting for the election of town officers, including town treasurer, of said town for the then ensuing year was legally holden in said town on the 6th day of April, 1921; that at said election the only candidates for the office of town treasurer were said Ralph G. P. Hull and said respondent William A. Clarke; that the moderator and clerk of said town, the officers legally constituted and appointed to examine and count said ballots, counted as lawful ballots lawfully cast 282 for said William A. Clarke and 280 for said Ralph G. P. Hull, and then and there declared as the result of said

count of said ballots said William A. Clarke to be the duly elected town treasurer of said town of Jamestown; that said moderator and clerk refused to count several ballots, more than three in number, which were legally cast for said Ralph G. P. Hull for town treasurer and that said Ralph G. P. Hull received a plurality of all the votes legally cast for said office of town treasurer.

It appears that the printed ballots as prepared by the town clerk contained but one list of candidates for the various offices to be filled, viz., the candidates of the Republican party, which list of names was printed in a single column under the Republican emblem; that at the right of and parallel with said column was arranged a series of spaces duly and properly arranged so that any elector wishing to vote for persons other than those whose names were printed upon said ballots might write therein the name of the person of his choice and that at the right of each of such spaces for inserting names was a space in which an elector who had written the name of the person for whom he desired to vote might place a cross (X).

Seven ballots which were cast at said election were introduced in evidence. Each of said ballots contained the name of Ralph G. P. Hull written in the proper space under the words "FOR TOWN TREASURER." Each of said ballots shows that the elector who prepared it made no cross (X) in the circle under the emblem or in a square opposite any name printed on the ballot. In no instance did the voter place a cross (X) in the square at the right of the written name. Said moderator and clerk refused to count any one of said seven ballots for Ralph G. P. Hull for town treasurer for the reason that the ballots contained no cross (X) in the square opposite the written name of Ralph G. P. Hull.

When a voter, desiring to vote for a person whose name (1) is not printed on the ballot, writes in the right-hand column prepared for that purpose under the proper title of office the name of the person for whom he desires to vote is it

necessary in order to make a vote for such person effective that the voter make a cross (X) in the square opposite the name which he has written? Section 43 of Chap. 11, Gen. Laws, 1909, contains, among other provisions, the following language: "he (the voter) . . . shall vote for the candidate of his choice by marking a cross (X) in the square opposite the name of the candidate of his choice, or by writing in the right-hand column prepared for that purpose, under the proper title of the office, the name of the person for whom he desires to vote. In such case the vote shall be counted for the candidate against whose name a cross has been so marked, or whose name has been so inserted in the right-hand column." It is clear that the statute does not require that the voter make a cross (X) in the square after the name which he has written and there appears to be no reason for making the cross (X). The intention of the voter is clearly expressed by writing the name of the person for whom the voter desires to vote.

We are therefore of the opinion that all of said seven ballots should have been counted for said Ralph G. P. Hull. Said Ralph G. P. Hull received 287 votes and the respondent William A. Clarke received 282 votes.

Our conclusion is that said Ralph G. P. Hull was at said election duly elected town treasurer of said town of Jamestown and that he is entitled to said office.

Let judgment of ouster against respondent William A. Clarke be entered.

*Frank F. Nolan, John H. Nolan,* for relator.
*Sheffield & Harvey,* for respondent.